IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT JAMES BERKSHIRE,

    Defendant.

Case No. 24-CR-275-JFH

## OPINION AND ORDER

Before the Court is an Unopposed Motion to Declare this Case a Complex Matter and to Enter a New Scheduling Order ("Motion") filed by the United States of America ("Government"). Dkt. No. 31. The Motion indicates that Defendant Scott James Berkshire ("Defendant") does not oppose. *Id*. at 1. For the reasons set forth below, the Motion is GRANTED.

The Indictment in this case charges Defendant with two counts: 1) Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), and Possession of Child Pornography in Indian County, in violation of 18 U.S.C. §§ 2252(a)(4)(A) and 2252(b)(2). Dkt. No. 13. Discovery in this case is extensive and remains ongoing. Dkt. No. 31 at 2. Specifically, over twenty-five (25) electronic devices have been seized in connection with this matter, including cellphones, computers, tablets, and storage devices. *Id*. During a preliminary review of just one laptop, "2,323,795 artifacts and 667,037 media items" were found on the device. *Id*. Additional time is needed to extract, review, and analyze data from the devices in order to fully litigate this case. *Id*. The Court notes that Defendant has also filed a speedy trial waiver excluding time from December 16, 2024 through March 17, 2025. Dkt. No. 32.

For these reasons, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this is a complex case and that it is unreasonable to expect adequate preparation for pretrial proceedings

and trial itself within the limits established by 18 U.S.C. § 3161. The Court further finds that the ends of justice served by granting the continuance requested outweigh the interests of the public and Defendant in a speedy trial. Thus, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the ends of justice dictate that the period of delay from the date of this order to the new trial date shall be excludable in computing the time from which the Indictment was filed and the time within which the trial of this action must commence.

IT IS THEREFORE ORDERED that the Unopposed Motion to Declare this Case a Complex Matter and to Enter a New Scheduling Order filed at Dkt. No. 31 is GRANTED. The jury trial set for December 16, 2024 at 8:45 a.m. is stricken. The following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Joint status report regarding production of discovery filed: | 1/30/2025 | |
| Notices filed: | 1/30/2025 | |
|   Including all notices required by FRCrP and FRE, including Rule 16, 404(b), 412, 413, 414 or 609 | | |
| Motions to dismiss for insufficient indictment filed: | Closed. | |
| Motions and objections to notices filed: | 2/6/2025 | |
|   Absent good cause, motions in limine shall be filed by this date | | |
|   Motions for bill of particulars shall be filed pursuant to FRCrP 7(f) | | |
| Pretrial conference: | 2/27/2025 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 3/7/2025 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 3/13/2025 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 3/13/2025 | by 4:00 pm |
| Jury trial: | 3/17/2025 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

The parties are encouraged to review the Court's Criminal Guidelines.

Dated this 13th day of November 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE